UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL O'MARA and NEAL O'MARA,<br><br>Plaintiffs/<br>Defendants-in-Counterclaim,<br><br>v.<br><br>MARK J. DONNELLY,<br>SEBAGO PARTNERS, INC, and<br>UCOMPAREHEALTHCARE, LLC<br><br>Defendants/<br>Plaintiffs-in-Counterclaim. | C.A. No: 05-11824-REK |

## PROTECTIVE ORDER

This matter having come before the Court by agreement of counsel for Plaintiffs and Defendants-in-Counterclaim Paul O'Mara and Neal O'Mara (the "O'Maras") and counsel for Defendants and Plaintiffs-in-Counterclaim Mark J. Donnelly, Sebago Partners, Inc. and UCompareHealthCare, LLC (the "UCHC Parties") (collectively, with the O'Maras, the "Parties") seeking protection from disclosure of trade secrets and other confidential information pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED, as follows:

1. This action concerns certain copyrights as identified at Exhibit 5 of the Complaint (the "Copyrights") in which the "O'Maras" and the "UCHC Parties" each claim to have exclusive rights. Without waiver of or prejudice to any of their claims or defenses in this action, the O'Maras have represented and agreed as follows: (a) they have not assigned, transferred or used the Copyrights and will provide the UCHC Parties with sixty days advance notice of any

intent to assign, transfer or use the Copyrights, or to file additional copyright registration applications relating to work they did in connection with UCHC, prior to entry of final judgment as to the Parties' respective copyright claims; and (b) they will not, in any event, assign, transfer or use the Copyrights prior to the time an evidentiary hearing can be held concerning the Motion for Preliminary Injunction of the UCHC Parties, provided that such hearing is held on or before May 1, 2006.

2.  The Parties may designate documents (including interrogatories and other pleadings) or testimony, including deposition testimony, as "confidential," but the O'Maras agree that they will not seek to designate as confidential, materials prepared or developed in connection with the start-up or business of UCHC with the intent or effect of interfering with or restraining the business operations of the UCHC Parties in any way. The Parties further agree: (a) that each Party shall make such all "confidential" designations in good faith; (b) that they shall identify documents or testimony so designated by specific pages and not by general category or description; (c) that such designations shall not be made so as to prejudice any party's claimed right to assign, transfer, and/or use the Copyrights; and (d) that such designation shall make such documents (and all copies, prints, summaries, or other reproductions of information contained in such documents) or testimony subject to this Order.

3.  Any information supplied in documentary or other tangible form may be designated as confidential information by placing or affixing on each page of such document, or on the face of such thing, the legend "Highly Confidential – For Litigation Purposes Only," as appropriate. Any party may designate deposition testimony as confidential within 14 days of that party's attorney's receipt of the transcript of the deposition by serving written designations upon the other party's attorney. The parties agree to treat all deposition testimony as confidential

until the expiration of 14 days after the receipt of a transcript of the deposition. The Parties, by assenting to this Order, do not agree that any of the information asserted to be confidential information by the other is in fact confidential information.

4. All materials designated as "confidential" may be used for the purposes of this lawsuit, including, without limitation, in and for settlement negotiations, discovery motion practice, preparation for trial of this action, the trial of this action, or any appeal in this action, subject to the limitations set forth in this Order, and may not be used by any person other than the designating party for any business purpose or for any other purpose whatsoever.

5. Designated documents or testimony may be disclosed only to (a) a party (including an employee thereof or advisor thereto); (b) counsel (including an employee thereof) for a party; (c) experts retained by a party hereto for assistance in trial preparation or for testimony; (d) deposition or trial witnesses; and (e) this Court. Disclosure shall be made to such persons only as necessary for the prosecution and defense of claims in this action.

6. The parties shall act to preserve the confidentiality of designated documents or testimony. If any party wishes to file confidential documents or testimony with the Court that has been both designated as "confidential" and identified as "Subject to Impoundment Procedure," said party shall do everything necessary to ensure that such information is impounded, kept under seal, and made unavailable to the public. Any material to be filed in Court that has been both designated as "confidential" and identified as "Subject to Impoundment Procedure may be filed in a sealed envelope along with a Motion for Impoundment. Each Motion for Impoundment shall comply with Local Rule 7.2(a), and shall state: (a) that the information contained therein has been deemed by a party to this action to be a trade secret, proprietary, or other sensitive business information; (b) that the material should be impounded

3

until further order of the Court; and (c) that the material should be returned to the counsel for the parties upon the conclusion of this matter without further order of the Court. No document that has been both designated as "confidential" and identified as "Subject to Impoundment Procedure" may be filed with the Clerk without advance approval in writing by the court. This requirement is imposed for the protection of the interests of the parties against risks of accidental disclosure and to conserve scarce storage space and time of court personnel.

7.  With respect to any document or portion thereof or testimony, including deposition testimony, which has been designated as "confidential" or identified as "Subject to Impoundment Procedure," any party may, at any time prior to the final disposition of this action, including any appeals, serve a written notice of objection to such designation, specifying such document or portion thereof or testimony and the basis for such objection. Within seven (7) days of receipt of such objection, counsel shall attempt to resolve the objection informally pursuant to Local Rule 7.1. In the absence of a subsequent agreement on the propriety of the designation, a party may move for Court adjudication of the propriety of the designation. Any such designated documents or testimony shall be treated as confidential and subject to this Order unless and until the Court rules that such designated information shall not be treated as confidential for purposes of this order.

8.  This Order shall not preclude the Court from reviewing any documents, testimony, or information designated as confidential. Nothing in this Order shall prohibit the use of, or reference to, any confidential documents or information in court, at trial or in any deposition; provided, however, that the person using or planning to use such information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include: (a) bringing to the court's attention the party's intention to disclose confidential

documents or information in open court and requesting the assistance of the Court in limiting disclosure; and (b) showing the Order to a deponent, requiring a deponent to sign a statement that he or she has read the Order, understands it, understands that he or she is bound by the Order and submits to the jurisdiction of this Court for enforcement of the Order.

9. Upon final termination of this action, including all appeals, the Parties and their counsel and experts shall (a) return to the producing party all originals of material that has been both produced by the producing party and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (b) destroy all copies thereof, except that, with respect to word processing and data base tapes and disks, they shall destroy such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as confidential information, provided that all such documents shall remain subject to this Order. Counsel of record shall certify in writing to the counsel for the other party that the foregoing has been complied with.

10. This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action and the presentation of documents and evidence to the Court without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under the rules of evidence, by any party; (b) altering the confidentiality or nonconfidentiality of any such information; or (c) altering any existing obligation of any party or the absence of such obligation.

11. The inadvertent production of any confidential information or privileged document, material, or other information by a party during discovery shall not be held to waive

any rights to assert the confidential or privileged status of such document, material or information under this Order and to obtain the protections of this Order. Upon request, inadvertently produced documents must be returned to the producing party that produces the document. Highly Confidential Information inadvertently produced without designation as such may thereafter be so designated and should be treated in accordance with such designation.

12. This Order is subject to further modification by order of this Court, on the Court's own initiative or upon motion by any person having an interest affected by the Order, for good cause shown. This Order shall survive and remain in full force and effect after termination of this litigation.

SO ORDERED.

_____
Honorable Robert E. Keeton
United States District Court Judge

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: January 18, 2006.

| PAUL O'MARA AND NEAL O'MARA | MARK J. DONNELLY, SEBAGO PARTNERS, INC., AND UCOMPAREHEALTHCARE, LLC |
|---|---|
| By their attorneys, | By their attorneys, |
| /s/ Dale C. Kerester<br>Dale C. Kerester, Esq.<br>LYNCH, BREWER, HOFFMAN & FINK, LLP<br>101 Federal Street, 22nd Floor<br>Boston, MA 02110-1800<br>(617) 951-0800<br>dkerester@lynchbrewer.com<br><br>William E. O'Brien, Esq.<br>Law Office of William E. O'Brien, Esq.<br>363 Bailey Road<br>Holden, MA 01520<br>(508) 829-5185<br>William@masstechlawyer.com | /s/ Tyler E. Chapman<br>Kevin T. Peters, BBO #550522<br>Tyler E. Chapman, BBO #637852<br>TODD & WELD LLP<br>28 State Street<br>Boston, MA 02109<br>(617) 720-2626<br>kpeters@toddweld.com<br>tchapman@toddweld.com |

## CERTIFICATE OF SERVICE

I, Tyler E. Chapman, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

| Date: January 18, 2006 | /s/ Tyler E. Chapman<br>Tyler E. Chapman |
|---|---|

7