UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

PAUL O'MARA and NEAL O'MARA,       )
     Plaintiffs/                                      )
     Defendants-in-Counterclaim             )
                        )
v.                                                      )
                        )       CIVIL ACTION
                        )       NO. 05-11824-REK
MARK J. DONNELLY, SEBAGO     )
PARTNERS, INC., and                            )
UCOMPAREHEALTHCARE, LLC,     )
     Defendants/                                     )
     Plaintiffs-in-Counterclaim              )
_____)

**Memorandum and Order**
February 8, 2006

**I.  Pending Matters**

     Pending for decision are matters related to the following filings:

     (1) Defendants' Motion for Preliminary Injunction (Docket No. 7, filed December 15, 2005);

     (2) Defendants' Motion for Leave to File Reply Memorandum in Support of Their Motion for Preliminary Injunction (Docket No. 14, filed January 3, 2006); and

     (3) Parties' Protective Order (Docket No. 15, filed January 18, 2006).

**II.  Factual Background and Procedural History**

     This is a suit arising under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq., with respect to software design and development works ("Works") allegedly created by the O'Mara brothers during their employment with the defendants.  (Docket No. 1.)  On

September 7, 2005, the plaintiffs, Paul O'Mara and Neal O'Mara, filed this suit against the

defendants, Mark J. Donnelly, president of Sebago Partners, Inc. ("Sebago") and sole member of

UCompareHealthCare, LLC ("UCompare"), Sebago, and Ucompare.  (Id.)

       The plaintiffs bring five counts against the defendants: (i) declaratory judgment

with respect to the parties' rights, specifically in reference to the copyrightable information at

issue in this case; (ii) breach of contract; (iii) breach of the covenant of good faith and fair dealing;

(iv) quantum meruit; and (v) fraud.  (Id.)  The plaintiffs request, among other forms of relief, an

Order preliminarily and permanently restraining and enjoining defendants from copying,

reproducing, manufacturing, duplicating, disseminating, distributing, and using the Works.  (Id. at

17.)  The plaintiffs request a jury trial.  (Id.)

       On November 21, 2005, the defendants filed their answer, denying the plaintiffs'

allegations, raising thirteen affirmative defenses, and asserting a counterclaim against the

plaintiffs.  (Docket No.5.)  The defendants bring six counts against the plaintiffs: (i) declaratory

judgment with respect to the parties' rights, specifically in reference to the copyrightable

information at issue in this case; (ii) copyright infringement; (iii) breach of contract; (iv) breach of

covenant of good faith and fair dealing; (v)misappropriation of trade secrets; and (vi) conversion.

(Id.)  Among other forms of relief, the defendants/plaintiffs-in-counterclaim request that the court

enter a preliminary injunction compelling plaintiffs/defendants-in-counterclaim to return all of

Ucompare's "confidential and proprietary documents and intellectual property" and to "transfer

all copyrights to inventions belonging to UCompare."  (Id. at 21.)  The defendants/plaintiffs-in-

counterclaim request a jury trial.  (Id. at 22.)

       On December 12, 2005, the plaintiffs/defendants-in-counterclaim filed their reply,

2

denying the defendants/plaintiffs-in-counterclaim's allegations and raising thirteen affirmative

defenses.  (Docket No. 6.)  On December 15, 2005, the defendants/plaintiffs-in-counterclaim filed

a motion for preliminary injunction.  (Docket No. 7.)  On January 3, 2006, the

plaintiffs/defendants-in-counterclaim filed their opposition.  (Docket No. 10.)  On January 3,

2006, the defendants filed a request for leave to file a reply memorandum in support of their

motion for preliminary injunction and also submitted the proposed reply memorandum with that

request.  (Docket No. 14.)

On January 4, 2006, I held a motion hearing to hear arguments pertaining to the

preliminary injunction request.  At that hearing, I determined that, due to the widely diverging

positions of the parties, I had to schedule an evidentiary hearing in order to rule on the

defendants/plaintiffs-in-counterclaim's preliminary injunction motion.  I then instructed the parties

that in order to have the parties protect the Works, trade secrets, and confidential information

until that evidentiary hearing took place, the parties should agree on certain stipulations.  After a

brief recess, the parties agreed to certain stipulations that were read into the record.  On January

18, 2006, the parties submitted, for the court's approval, a proposed Protective Order, which

documented the stipulations that were read into the record at the hearing on January 4, 2006, and

also added additional stipulations.  (Docket No. 15.)


### III.  Analysis

### A. Motions Related to the Preliminary Injunction

As a preliminary matter, because I have already determined that I cannot issue a

preliminary injunction until I hold an evidentiary hearing, I will terminate the defendants/plaintiffs-

in-counterclaim's motion for a preliminary injunction. The defendants/plaintiffs-in-counterclaim may refile their motion if they believe they still want a preliminary injunction and the parties are able to schedule an evidentiary hearing. The defendants/plaintiffs-in-counterclaim's Motion for Leave to File Reply Memorandum in Support of Their Motion for Preliminary Injunction is therefore dismissed as moot.

### B. Protective Order

The proposed Protective Order filed by the parties in this case on January 18, 2006, is approved subject to the following modification:

Notwithstanding any provision or implication to the contrary:

(1)   No document claimed to be subject to this order may be filed with the Clerk without advance approval in writing by the court. This requirement is imposed for the protection of the interests of the parties against risks of accidental disclosure and to conserve scarce storage space and time of court personnel.

(2)   The proposed Protective Order is subject to further modification by order of this court, on the court's own initiative or upon motion by any person having an interest affected by the order, for good cause shown. This paragraph applies to any provision regarding "closing the courtroom" during a hearing and excluding observers, including representatives of media.

Any party wishing to object to this modification must do so by written objection filed on or before two weeks from this date.

4

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion for Preliminary Injunction (Docket No. 7) is

TERMINATED.

(2) Defendants' Motion for Leave to File Reply Memorandum in Support of Their

Motion for Preliminary Injunction (Docket No. 14) is DISMISSED AS MOOT.

(3) Parties' Protective Order (Docket No. 15) is GRANTED with the court's

modification.


_____/s/Robert E. Keeton_____
Robert E. Keeton
Senior United States District Judge

5